Manuel RUÍZ–SÁNCHEZ, Plaintiff(s)

v.

The GOODYEAR TIRE AND RUBBER COMPANY, Defendant(s).

Civil No. 10–1598 (JAG).

United States District Court, D. Puerto Rico.

March 30, 2012.

Eduardo A. Vera–Ramirez, Luis A. Rodriguez–Munoz, Landron & Vera LLP, Guaynabo, PR, Julio Cesar Alejandro–Serrano, Bayamon, PR, for Plaintiff.

Karla M. Villanueva–De Cardona, Ferraiuoli LLC, Jorge L. Capo–Matos, O'Neill & Borges, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Goodyear Tire and Rubber Company's ("Defendant") Motion for Reconsideration. (Docket No. 27). Manuel Ruíz Sánchez ("Plaintiff") subsequently filed a Motion in Opposition. (Docket No. 30). For the reasons set forth below, the Court **GRANTS** Defendant's Motion and hereby dismisses Plaintiff's claim pursuant to Act No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29, §§ 185a *et seq.* ("Law 80").

## FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2010, Plaintiff filed a Complaint in the Puerto Rico Court of First Instance. (Docket No. 1–4). Plaintiff alleges he was discriminated against due to his age and that he was unjustly terminated from his position as General Manager. Plaintiff sought remedies pursuant to Act. No. 100 of June 30, 1959, P.R. Law Ann. tit. 29 §§ 146 *et seq.* ("Law 100") and Law 80.

On June 29, 2010, Defendant filed its notice of removal to the District Court of Puerto Rico. (Docket No. 1). Subsequently, Defendant filed a Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(6) of the Fed. R.Civ.P. (Docket No. 15). Plaintiff timely filed an opposition. (Docket 19).

On September 30, 2011, 2011 WL 4709875, the Court rendered an Opinion and Order denying in part and granting in part Defendant's Motion to Dismiss. (Docket No. 24). On October 18, 2011, Defendant filed a Motion for Reconsideration, regarding Plaintiff's alleged Law 80 claims. Plaintiff timely filed an Opposition to said motion. (Docket. No. 30).

After careful reconsideration, this Court finds that Plaintiff's Law 80 claim should also be dismissed.

## MOTION FOR RECONSIDERATION

 Federal Courts consider motions for reconsideration under Rule 59(e) if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. *See Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994)(citing *F.D.I. Corp. v. World Univ., Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). However, motions for reconsideration may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir.1990).

 In the Motion for Reconsideration, Defendant's main argument is that claims under Law No. 80, such as most rights under Puerto Rican law, can be waived. The Court notes that the statute is not entirely clear, as confusion surrounds the question of whether or not Law 80 claims can be waived through extrajudicial compromises after an employee is terminated.[1] Nonetheless, the Court understands that the Motion for Reconsideration should be granted.

## DISCUSSION

 In a diversity case, when the state's highest Court has not addressed a question of law, the Federal Court must attempt to sit as a state Court. *See MMB Development Group, Ltd. v. Westernbank Puerto Rico,* 762 F.Supp.2d 356, 366 (D.P.R.2010)(citing *C.I.R. v. Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967)). In other words, the Federal Court must apply the law that it under-

stands the highest court would most likely apply. The question of law central to this case is whether Plaintiff could legally waive his rights to a Law 80 claim by entering into an extrajudicial compromise with Defendant. Since state law appears to be ambiguous and the Supreme Court of Puerto Rico has yet to establish a clear precedent, this Court attempts to resolve the pending controversy, as the state court would, by interpreting the applicability of Law 80 to this narrow issue.

The Puerto Rican Legislature created Law 80 as a remedial measure for employees who are dismissed without just cause. The following section is fundamental to the question before this Court:

> The right of an employee who is discharged from his employment without just cause, to receive the compensation provided in § 185a of this title, is hereby declared to be unwaivable. Any contract or part thereof in which the employee waives the compensation to which he is entitled to, pursuant to §§ 185a–185 m of this title, shall be null and void. P.R. LAWS ANN. tit. 29, § 185i. (" § 185i").

In its previous Opinion and Order, the Court cited *Otero–Burgos v. Inter American University,* 558 F.3d 1, 9 n. 21 (1st Cir.2009), for the proposition that Law 80 claims could not be waived pursuant to § 185i. (Docket No. 24). Defendant alleges, in the Motion for Reconsideration, that *Otero–Burgos* established that Law 80 claims could not be waived specifically at the hiring stage or during employment. Defendant further avers that such restrictions do not exist post-termination of employment.

---

**1.** A compromise is a contract by which the parties, through reciprocal concessions, avoid a lawsuit or put an end to one that they had begun. *See Neca Mortg. Corp. v. A & W Dev. S.E.,* 137 D.P.R. 860, 870 (1995). An extraju-

dicial compromise contract follows when, prior to commencing a lawsuit, the parties agree to end the controversy and solicit to end it through an agreement. *See id.*

In contrast, Plaintiff argues that § 185i categorically prohibits the waiver of Law 80 claims at any stage. The First Circuit stated that "[t]o further guard against the effects of the inequality of bargaining power between employer and employee, and to prevent the latter from being mistreated, the Puerto Rico legislature specifically provided that an employee may not waive his rights under Law 80." *Id.* at 14 n. 21. (citing P.R. LAWS ANN. tit. 29, § 185i.) Footnote 21, suggests that § 185i was added so that employees would not lose bargaining power or be mistreated. An example of such a situation would be where employment is conditioned on an employee's waiver of Law 80 rights. Allowing such contracts would make the employee susceptible to the very dangers that Law 80 seeks to avoid. Consequently, the statute would lose its purpose.

■■ However, § 185i would not apply in the case where an employee waives his Law 80 rights in an agreement posttermination of employment in order to avoid litigation. This is because an employee who is dismissed has a right to seek legal counsel and consider his options. These options include entering agreements to avoid litigation or pursuing suit against his employer to recover the amount established by the statute, if it were applicable. The Court understands that Law 80 does not prevent employees from entering into extrajudicial agreements after termination of employment. Employees and employers have a right to avoid lawsuits through the use of extra-judicial agreements.

■ Defendant also correctly avers that when the Puerto Rico Legislature has implemented restrictions on the extrajudicial settlement of certain rights, it has done so expressly. Defendant cites Article 14 of Law No. 379 of May 15, 1948 ("Law 379"), as an example of such practice:

Every extrajudicial settlement in regard to the payment of the wages for regular hours, extra hours of work, the time specified to partake of food, or the payment of the sum equal to that claimed, which this act fixes as liquidation of damages, shall be null; Provided, however, that for the purposes of §§ 271–288 of this title, a settlement made before the Secretary of Labor and Human Resources or before any of the attorneys or officials of the Department of Labor and Human Resources appointed by said Secretary shall be valid. P.R. LAWS ANN. tit. 29, § 282.

Although as a general rule, rights created under Puerto Rican law may be waived, Law 379 demonstrates an explicit restriction on extrajudicial settlements involving basic labor standards, such as meal period and overtime. *See Cabán Hernández v. Philip Morris USA, Inc.,* 486 F.3d 1, 11 (1st Cir.2007)(citing P.R. LAWS ANN. tit. 29, § 4). When the legislature has sought to limit the ability of parties to enter into extrajudicial compromises, which are encouraged as a matter of policy, it has done so explicitly. In other words, the Puerto Rican legislature has exhibited a clear policy of expressly signaling when it is limiting the ability of an individual to enter into an extrajudicial compromise. These kinds of restrictions have not been specifically included in Law 80. The Court will thus not read additional exceptions regarding extrajudicial agreements into Law 80.

Moreover, prudential concerns counsel against reading additional restrictions into the statute. Concluding that Law 80 claims are unwaivable across the board would lead to undesirable results. Such a holding would force the Court to declare null any extrajudicial waivers in which the employee, after being dismissed, received less than the established amount provided by Law 80. This would not be prudent considering that many employers volun-

tarily offer severance payments in exchange for a waiver of an employee's Law 80 claims, even when just cause exists for termination. If these extrajudicial compromises were null under any circumstance, employers would never voluntarily offer severance payments and the parties would be obligated to litigate every controversy arising under Law 80. On the other hand, it would imply that in order to waive Law 80 claims, employers would have to offer a payment equal to the amount established by law. Such an amount could be excessive and unfair in situations in which the employee was dismissed with just cause in the first place.

 Finally, Puerto Rico law presumes good faith in negotiations. *See Citibank, N.A. v. Dependable Ins. Co.*, 21 P.R. Offic. Trans. 496, 512, 121 D.P.R. 503 (1988). In the instant case, Plaintiff has not alleged that consent to the extrajudicial agreement was given by error, intimidation or deceit, which would render the same null. *See* P.R. LAWS ANN. tit. 31, § 3404. The Court finds that Plaintiff knowingly and voluntarily consented to waiving his Law 80 claims, and must abide by the consequences of the waiver. Plaintiff's Law 80 claims are thus dismissed.

Since the Court finds dismissal is proper, discussion of Defendant's remaining arguments is unnecessary as they have been rendered moot.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss. Judgment shall be entered dismissing all of Plaintiff's claims against defendant.

IT IS SO ORDERED.